**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Maxine Moss, *on behalf of herself and all others similarly situated*, | : <br> : <br> : <br> : Civil Action No.: |
| Plaintiff, | : |
| v. | : **CLASS ACTION COMPLAINT** |
| Sears Holdings Corporation, | : |
| Defendant. | : |

For her Class Action Complaint, Plaintiff Maxine Moss, pleading on her own behalf and on behalf of all others similarly situated, by and through her undersigned counsel, states as follows:

## INTRODUCTION

1. Ms. Moss bought a necklace from Defendant Sears Holdings Corporation ("Sears") labeled and marketed as "14K Gold." However, the necklace is not 14 karat gold, but rather a much less valuable sterling silver or other non-gold metal covered or plated with a layer of gold alloy.

2. Sears' sale of this necklace to Ms. Moss is part of a uniform company-wide deceptive marketing practice it employs wherein it labels similarly gold-plated or gold-covered jewelry as gold.

3. The guidelines for labeling gold jewelry are set by the Federal Trade Commission ("FTC").

4. 16 C.F.R. 23.1 of these FTC guidelines provides:

> It is unfair or deceptive to misrepresent the type, kind, grade, quality, quantity, metallic content, size, weight, cut, color, character, treatment, substance, durability, serviceability, origin,

price, value, preparation, production, manufacture, distribution, or any other material aspect of an industry product.

5. In addition, 16 C.F.R. 23.4 of these FTC guidelines provides:

(a) It is unfair or deceptive to misrepresent the presence of gold or gold alloy in an industry product, or the quantity or karat fineness of gold or gold alloy contained in the product, or the karat fineness, thickness, weight ratio, or manner of application of any gold or gold alloy plating, covering, or coating on any surface of an industry product or part thereof.

(b) The following are examples of markings or descriptions that may be misleading:

(1) Use of the word "Gold" or any abbreviation, without qualification, to describe all or part of an industry product, which is not composed throughout of fine (24 karat) gold.

(2) Use of the word "Gold" or any abbreviation to describe all or part of an industry product composed throughout of an alloy of gold, unless a correct designation of the karat fitness of the alloy immediately precedes the word "Gold" or its abbreviation, and such fineness designation is of at least equal conspicuousness.

(3) Use of the word "Gold" or any abbreviation to describe all or part of an industry product that is not composed throughout of gold or a gold alloy, but is surface-plated or coated with gold alloy, unless the word "Gold" or its abbreviation is adequately qualified to indicate that the product or part is only surface-plated.

6. Because Sears failed to adequately qualify the description of its "gold" products by falsely labeling them as fine gold and/or gold alloy, Ms. Moss brings a class action for the damages that she and thousands of other consumers sustained as a result.

## JURISDICTION AND VENUE

7. Jurisdiction over this class action is proper under 28 U.S.C. § 1332(d), which, under the provisions of the Class Action Fairness Act, provides federal courts original jurisdiction over any class action in which any member of a class is a citizen of a State different from any defendant and the matter in controversy exceeds, in the aggregate, the sum of

$5,000,000, exclusive of interest and costs. Here, Ms. Moss is a citizen of a State different than Sears and Ms. Moss seeks class damages exceeding the $5,000,000.00 threshold for federal court jurisdiction.

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c), in that Sears was and has been doing business in this District at all relevant times to this action because, *inter alia*, it maintained several stores in this District and employed numerous people in this District to run those operations.

## PARTIES

9. Ms. Moss is an individual residing in Smithtown, New York

10. Sears is a Illinois business entity with an address of 3333 Beverly Road, Hoffman Estates, Illinois 60179—0001, and, at all relevant times to this action, has regularly done business in New York through the operation of its stores there.

## FACTUAL ALLEGATIONS

11. On or about December 26, 2016, Ms. Moss visited the jewelry department in a Sears store located in Lake Grove, New York

12. Ms. Moss was attracted to a necklace labeled as "14K GOLD" and originally priced $2,299.99 (the "Necklace"). Ms. Moss purchased the Necklace "on sale" for $574.99.

13. A photographs of the Necklace follows:



14.     Although Ms. Moss did not know it, the Necklace was not 14 karat gold.

15.     Instead, the Necklace is composed of vermeil – sterling silver surface-plated with a thin layer of gold.

16.     At the time the Necklace was purchased, Ms. Moss paid an extra $56.99 for an extended service plan for the Necklace.

4

17. On or about January 29, 2017, approximately one month after the purchase, Ms. Moss became concerned when she noticed that the Necklace showed signs of tarnish and discoloration.

18. At that time, Ms. Moss brought the Necklace to Sears and complained that she believed the Necklace was not in fact 14 karat gold.

19. However, Ms. Moss was told in response that per Sears policy, the Necklace could not be tested "as testing will destroy the [Necklace]."

20. Pursuant to 16 C.F.R. 23.4(b)(3), it is misleading to use "the word 'Gold' or any abbreviation to describe all or part of an industry product that is not composed throughout of gold or a gold alloy, but is surface-plated or coated with gold alloy, unless the word 'Gold' or its abbreviation is adequately qualified to indicate that the product or part is only surface-plated."

21. Here, Sears violated this standard because it described the Necklace as "14K GOLD" without qualifying this language to indicate the Necklace was only gold plated.

## CLASS ACTION ALLEGATIONS

### A.  The Classes

22. Ms. Moss brings her case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of herself and all others similarly situated.

23. Ms. Moss believes there are thousands of consumers affected by Sears' fraudulent business practices.

24. Ms. Moss seeks to represent consumers who bought from Sears jewelry falsely labeled as being composed of gold and/or gold alloy. The Classes of consumers that Ms. Moss seeks to represent are defined as:

> **Class A. All persons who purchased jewelry from Sears accompanied by labeling, receipts or other product documentation at time of sale that used the word "Gold" or its abbreviation to describe all or part of the respective jewelry**

5

**item that was not composed throughout of gold or a gold alloy, but was surface-plated, bonded or coated with the described gold or gold alloy, and the accompanying documentation did not adequately qualify the word "Gold" or its abbreviation to indicate that the item or part was only surface-plated, bonded or coated.**

**Subclass A-1. All persons who are members of Class A who reside in New York.**

**Excluded from these definitions are (a) defendant, its corporate parents, subsidiaries, and affiliates or any person controlled or controlling such excluded persons, including their legal representatives, heir, successors and assigns; and (b) all persons whose claims rose outside the applicable statute of limitations.**

**B.     Numerosity**

25.    Upon information and belief, Defendant has sold falsely labeled "Gold" and "14K Gold" jewelry to thousands of consumers nationwide.  The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

26.    The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery.  Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

**C.     Common Questions of Law and Fact**

27.    There are common questions of law and fact raised in this Second Amended Complaint which predominate over any questions affecting only individual Class members.

28.    The following questions of law and fact common to the Classes are ripe for determination:

> a. Whether Defendant, in its regular course of business, sells to consumers jewelry which is purported to be "Gold" or "fine gold" (i.e., 24 karat gold), but is only gold alloy and/or some non-gold medal;

6

  b. Whether Defendant, in its regular course of business, sells to consumers jewelry labeled as being composed of "Gold" or "14 karat gold" or some other gold alloy throughout, but which is actually only surface-plated with gold;

  c. Whether Defendant's actions violated 16 C.F.R. 23.1 and/or 23.4;

  d. Whether Defendant's actions constitute breach of contract;

  e. Whether Defendant has been unjustly enriched;

  f. Whether Defendant's actions constitute a breach of the duty of good faith and fair dealing;

  g. Whether Defendant's actions were fraudulent;

  h. Whether Defendant's actions constitution a breach of the implied warranty of merchantability;

  i. Whether Defendant's actions violated N.Y. Gen. Law § 349(h).; and

  j. Whether Ms. Moss and the Classes were injured by Defendant's unlawful, unfair, and/or fraudulent conduct.

29. The common questions in this case are capable of having common answers. If Ms. Moss' claim that Defendant routinely sells jewelry which is falsely labeled as "Gold," "14 karat gold" or some other gold alloy is true, Ms. Moss and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### D.  Typicality

30. Ms. Moss' claims are typical of the claims of the Classes since each of the claims arises from an identical or substantially similar consumer transaction.

### E.  Protecting the Interests of the Class Members

31. Ms. Moss will fairly and adequately represent Class interests.

32. All Class claims arise from the very course of conduct and specific activities complained of herein and require application of the same legal principles.

33. Ms. Moss has retained counsel experienced in litigating class actions and consumer claims and who stands ready, willing, and able to represent the Classes.

### F. Proceeding Via Class Action is Superior and Advisable

34. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

35. Absent a class action, most members of the Classes would find the cost of litigating their claims to be prohibitive, and therefore would have no effective remedy at law.

36. The members of the Classes are generally unsophisticated individuals whose rights will not be vindicated absent a class action.

37. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of both the Court and the litigants, and promotes consistency and efficiency of adjudication.

38. Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Defendant.  Conversely, adjudications with respect to individual Class members would be dispositive of the interest of all other Class members.

39. The amount of money at issue is such that proceeding by way of a class action is the only economical and sensible manner to vindicate the injuries sustained by Plaintiff and the other members of the Classes.

## COUNT I
### Breach of Contract
**(On Behalf of Ms. Moss and All Class Members)**

40.     Ms. Moss repeats and realleges each of the above paragraphs and incorporates them herein by reference.

41.     Through its deceptive practices, Sears entered into contracts with Ms. Moss and other similarly situated consumers for the sale and purchase of "fine gold" and/or gold alloy jewelry.

42.     Ms. Moss and other similarly situated consumers paid money to Sears to purchase jewelry Sears represented as being fine gold and/or gold alloy jewelry.

43.     The jewelry purchased by Ms. Moss and other similarly situated Sears customers was not composed throughout of gold or the gold alloy Sears represented it to be, but rather was only surface-plated, bonded or coated with gold or gold alloy.

44.     Sears breached the terms of the contract with Ms. Moss and other similarly situated Sears customers by selling much less valuable jewelry that was surface-plated, bonded or coated with gold or gold alloy that it misrepresented as being gold or gold alloy throughout.

45.     As a result of the foregoing breach, Ms. Moss and the other members of the Classes have been damaged in an amount to be determined at trial.

## COUNT II
### Unjust Enrichment
**(On Behalf of Ms. Moss and All Class Members)**

46.     Ms. Moss repeats and realleges each of the above paragraphs and incorporates them herein by reference.

47.     Sears deceived Ms. Moss and other similarly situated Sears customers by inducing them to purchase jewelry that was surface-plated, bonded or coated with gold alloy that was falsely represented to be gold or gold alloy throughout.

48. Sears profited from the purchase of each falsely-represented item.

49. Sears will be unjustly enriched if it is allowed to retain the monies derived from its wrongful conduct.

50. As a result of the foregoing, Ms. Moss and the other members of the Classes have been damaged in an amount to be determined at trial.

## COUNT III
### Breach of Duty of Good Faith and Fair Dealing
(On Behalf of Ms. Moss and All Class Members)

51. Ms. Moss repeats and realleges each of the above paragraphs and incorporates them herein by reference.

52. Sears had a contractual relationship with Ms. Moss and other similarly situated consumers in which there was an implied duty upon Sears to act in good faith and to deal fairly.

53. Sears breached that duty by failing to deliver the gold and/or gold alloy jewelry as promised and described.

54. Sears acted in bad faith because, at all relevant times, Sears actually knew that it was selling gold-plated metal, and not jewelry composed of gold or gold alloy throughout, to Ms. Moss and other similarly situated Sears customers, thus depriving them of the benefit of their bargain.

55. As a result of the foregoing, Ms. Moss and the other members of the Classes have been damaged in an amount to be determined at trial.

## COUNT IV
### Fraud
(On Behalf of Ms. Moss and All Class Members)

56. Ms. Moss repeats and realleges each of the above paragraphs and incorporates them herein by reference.

57. Through the accompanying documentation for the Necklace, Sears falsely represented to Ms. Moss and other consumers that the Necklace was composed of gold or gold alloy

10

throughout.

58. Through the accompanying documentation for the Necklace, Sears knowingly failed to adequately represent that the Necklace was merely surface-plated with gold and/or gold alloy.

59. Sears knew that the Necklace was not gold or gold alloy throughout when it made these representations.

60. Sears made the false representations as to the Necklace's quality and characteristics to induce Ms. Moss and other consumers to purchase them.

61. Ms. Moss and other consumers relied on Sears representations when they purchased "gold" jewelry from Sears.

62. Absent this misrepresentation and reliance, Ms. Moss and other similarly situated consumers would not have paid the purchase price nor purchased "gold" jewelry items had the actual quality and true characteristics of the jewelry been truthfully disclosed.

63. As a result of the foregoing, Ms. Moss and the other members of the Classes have been damaged in an amount to be determined at trial.

## COUNT V
### Breach of Implied Warranty of Merchantability
### (On Behalf of Ms. Moss and All Class Members)

64. Ms. Moss repeats and realleges each of the above paragraphs and incorporates them herein by reference.

65. Sears is a "seller" and "merchant" as defined by U.C.C. §§ 2-103(o) and 2-104(1), respectively.

66. The Necklace was subject to implied warranties of merchantability, as defined by U.C.C. § 2-314 and § 2-318.

67. An implied warranty that the Necklace was merchantable arose by operation of law as part of its purchase.

68. Sears breached the implied warranty of merchantability in that the Necklace was not in a merchantable condition when Ms. Moss and other consumers purchased it, or any time thereafter, and the Necklace is unfit for the ordinary purposes for which such products are used.

69. As a result of Sears' breach of the implied warranty of merchantability, Ms. Moss and the Classes have been damaged in an amount to be determined at trial.

### COUNT VI
### Violation of N.Y. Gen. Law § 349, *et seq.* - Unfair or Deceptive Practice
### (On Behalf of Ms. Moss and the New York Subclass)

70. Ms. Moss repeats and realleges each of the above paragraphs and incorporates them herein by reference.

71. At the time of purchase, Sears knew that the Necklace was not composed of gold and/or gold alloy throughout, but rather was only surface-plated with a layer of gold.

72. Sears' conduct with respect to Ms. Moss and the Classes violated the FTC Rules and Regulations, and as such constitutes an unlawful, unfair and deceptive business practice.

73. Sears acts are immoral, unethical, oppressive, deceptive and unscrupulous and, as such, constitute unfair and deceptive trade practices pursuant to N.Y. Gen. Law § 349.

74. The aforesaid acts caused substantial injury to Ms. Moss and the other members of the Classes, entitling Ms. Moss and the other members of the Classes to actual and treble damages pursuant to N.Y. Gen. Law § 349(h).

75. Ms. Moss and the members of the Classes are also entitled to reasonable attorney's fees and the costs of this action pursuant to N.Y. Gen. Law § 349(h).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant Plaintiff and the Classes the following relief against Defendant:

    (a)    Money damages, in the form of a refund of the full amount paid for any falsely advertised, labeled or stamped jewelry;

    (b)    Incidental and consequential damages;

    (c)    Actual damages;

    (d)    Treble damages;

    (e)    Punitive damages;

    (f)    Reasonable attorney's fees and the costs of this action; and

    (g)    Such other and further relief as this Court deems just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: March 16, 2018

Respectfully submitted,

By: /s/ Sergei Lemberg_____
Sergei Lemberg, Esq.
Lemberg Law, LLC
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
*Attorneys for Plaintiff*